Trucly Pham Swartz, #026088
JOHN JOSEPH VOLIN, P.C.
1811 South Alma School Road
Suite 265
Mesa, Arizona  85210
Phone: (480) 820-0800
Fax:     (480) 820-3575
Email: trucly@volinlaw.com
Attorney for Debtor/Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NHI PHUONG NGUYEN,<br><br>Debtor. | Chapter 7 Proceeding<br><br>Bankruptcy Case No. 2:12-bk-11008 EPB |
| NHI PHUONG NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>Defendant. | Adversary Case No. 2:13-ap-01150 EPB<br><br>**COMPLAINT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C § 524(A)** |

## INTRODUCTION

Plaintiff, by and through undersigned counsel, brings this action to seek redress from Defendant for violations of the discharge injunction as set forth in 11 U.S.C. § 524(a).

## JURISDICTION

1. Jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §§ 151, 157 and 1334 in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

//

1

2. That Plaintiff's claim for relief is a core proceeding under 11 U.S.C. § 524(a).

## PARTIES

3. That Plaintiff is an individual residing in Maricopa County, Arizona, and filed a bankruptcy petition under Chapter 7 on May 17, 2012.

4. That Defendant National Credit Adjusters, LLC is a limited liability company duly organized and existing under the laws of the State of Kansas, and may be served with process by directing such to its registered agent, Corporation Service Company, at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

## FACTUAL ALLEGATIONS

5. On May 17, 2012, Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

6. Plaintiff duly listed on her schedules an unsecured non-priority claim due to HSBC/Saks Fifth Avenue (herein "HSBC/Saks") in the amount $1,187.00 arising from credit card service.

7. A notice of the filing of the bankruptcy petition was sent on May 24, 2012 by electronic transmission to HSBC/Saks as set forth in the Certificate of Notice (Docket Entry #10, Page 3).

8. Plaintiff's bankruptcy was effectively discharged on August 27, 2012.

9. The Discharge Order includes an explanation that collection of discharged debts is prohibited was sent on August 29, 2012 by electronic transmission to HSBC/Saks as set forth in the Certificate of Notice (Docket Entry #17, Page 3).

//

10. Subsequent to the entry of the Discharge Order, Plaintiff received a letter dated November 21, 2012 from Defendant National Credit Adjusters informing Plaintiff that Defendant purchased Plaintiff's account owed to HSBC/Saks. See attached Exhibit A incorporated herein by this reference.

11. Upon information and belief, Defendant purchased Plaintiff's account from HSBC/Saks.

12. On December 10, 2012, Plaintiff's attorney mailed written notice to Defendant National Credit Adjusters notifying Defendant of its violation of the discharge injunction and requested Defendant refrain from taking further actions to collect its debt from Plaintiff. See attached Exhibit B incorporated herein by this reference.

13. Subsequent to written notice from Plaintiff's attorney, Plaintiff received a letter dated May 6, 2013 from Defendant National Credit Adjusters trying to collect its account purchased from HSBC/Saks. See attached Exhibit C incorporated herein by this reference.

14. On May 20, 2013, Plaintiff's attorney mailed a written final demand notice to Defendant National Credit Adjusters notifying Defendant of its violation of the discharge injunction and requested Defendant refrain from taking further actions to collect its debt from Plaintiff. See attached Exhibit D incorporated herein by this reference.

15. Subsequent to written final demand notice from Plaintiff's attorney, Plaintiff received a letter dated September 26, 2013 from Defendant National Credit Adjusters trying to collect its account purchased from HSBC/Saks. See attached Exhibit E incorporated herein by this reference.

16. Plaintiff has been harassed and damaged by the Defendant's repeated and continued actions and has been forced to expend her time toward enforcing the Discharge Order and the defense of this contested matter.

## CLAIM FOR RELIEF

17. That the allegations contained in Paragraphs 1 through 16 are re-alleged and incorporated by reference as if set forth fully herein.

18. That Defendant National Credit Adjusters has violated the discharge injunction as set forth in 11 U.S.C. § 524(a) by contacting Plaintiff in an attempt to collect a debt.

19. That Defendant willfully and intentionally failed to implement any procedures by which a violation of the discharge injunction may be avoided or cured.

20. That Defendant's lack of appropriate procedures by which to ensure that violations of the discharge injunction do not occur evidence willfulness and reckless indifference as to whether or not such violations occur justifying the imposition of sanctions.

21. That Defendant's conduct has caused Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, not limited to numerous communications and meetings with her attorney and staff members relating to this matter.

22. That Defendant's violations of the discharge injunction, and failure to cure such violations, has also caused other damages to Plaintiff, including anxiety, loss of sleep and stress related to concerns about Plaintiff's debt obligation to Defendant.

//

4

WHEREFORE, Debtor prays this Court for the following relief:

  A. That this Court holds Defendant National Credit Adjusters in contempt of court for violating the discharge injunction;

  B. That this Court enjoins Defendant National Credit Adjusters from further collection efforts;

  C. That this Court awards Plaintiff's counsel reasonable attorney's fees in an amount to be determined by this Court; and

  D. For such other and further relief as this Court deems just and proper.

DATED: October 17, 2013       John Joseph Volin, P.C.

                By: /s/ TPS, SBN 026088
                  Trucly Pham Swartz, #026088
                  1811 S Alma School Road Ste 265
                  Mesa, Arizona 85210
                  Attorney for Debtor/Plaintiff

5

Case 2:13-ap-01150-EPB Doc 1 Filed 10/17/13 Entered 10/17/13 14:26:00 Desc
Main Document Page 5 of 5